IN THE CIRCUIT COURT OF MONROE COUNTY, MISSISSIPPI

| | |
|---|---|
| ROGER MITCHELL AND BILLIE<br>ANN MITCHELL, ) | |
| ) | |
| Plaintiffs, ) | USDC/MSND # 1:10CV114-A-D |
| ) | |
| v. ) | Case No.: CV-10-_123_-PFm |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Come now the Plaintiffs, Roger Mitchell and Billie Ann Mitchell by and through their

attorney Tim R. Wadsworth and files this complaint against the Defendants and state the

following:

### JURY TRIAL

1. The Plaintiffs respectfully request a trial by jury on all issues of the subject litigation.

### NATURE OF CASE

2. This is an action for insurance benefits after the Plaintiffs were sued in three separate

lawsuits.

### PARTIES

3. The Plaintiffs, Roger Mitchell and Billie Ann Mitchell are adult resident citizens of

Monroe County, Mississippi.

4. The Defendant, State Farm Fire and Casualty Company is a foreign corporation

whose place of incorporation is unknown which places insurance and does business in Monroe

County, Mississippi and is authorized to conduct business in the State of Mississippi.

VENUE

5. Plaintiffs are residents of Monroe County, Mississippi. Further, all events giving rise to the claims for coverage under the subject policies took place in Monroe County, Mississippi.

FACTUAL BACKGROUND AND CLAIMS

6. Plaintiffs, Roger Mitchell and Billie Ann Mitchell were sued in three separate cases styled below:

A. Tony Owens by Billie Ann Mitchell, et. al, Chancery Court of Monroe County, Mississippi, Case No. CV-2007-314.

B. Automotive Finance Corporation v. Billie Anne Mitchell, et. al United States District Court; Southern District of Indiana, Case No. 07-CV-00055

C. Western Surety Company, Inc. vs. Roger Mitchell, et.al, Chancery Court of Monroe County, Mississippi, Case No. CV-2007-435.

7. Defendant, State Farm Fire and Casualty Company refused to provide a defense in

A. Tony Owens by Billie Ann Mitchell, et. al, Chancery Court of Monroe County, Mississippi, Case No. CV-2007-314 and

C. Western Surety Company, Inc. vs. Roger Mitchell, et.al, Chancery Court of Monroe County, Mississippi, Case No. CV-2007-435.

and provided a defense for 30 days in the following case:

B. Automotive Finance Corporation v. Billie Anne Mitchell, et. al United States District Court; Southern District of Indiana, Case No. 07-CV-00055

8. Defendant, State Farm Fire and Casualty Company also claimed that the suits identified in paragraph 6 above were not covered under the liability insurance policies.

9. Because the Defendant, State Farm Fire and Casualty Company refused to defend the

Plaintiffs, the Plaintiffs obtained private counsel and paid legal fees, expenses damages in all three cases:

A. Tony Owens by Billie Ann Mitchell, et. al, Chancery Court of Monroe County, Mississippi, Case No. CV-2007-314

B. Automotive Finance Corporation v. Billie Anne Mitchell, et. al United States District Court; Southern District of Indiana, Case No. 07-CV-00055

C. Western Surety Company, Inc. vs. Roger Mitchell, et.al, Chancery Court of Monroe County, Mississippi, Case No. CV-2007-435 and

10. The cases above were litigated and continue to be litigated and many expenses, legal fees, payments and damages were incurred by the Plaintiffs.

11. The Defendant is liable for the damages paid in:

B. Automotive Finance Corporation v. Billie Anne Mitchell, et. al United States District Court; Southern District of Indiana, Case No. 07-CV-00055; and

C. Western Surety Company, Inc. vs. Roger Mitchell, et.al, Chancery Court of Monroe County, Mississippi, Case No. CV-2007-435.

12. The Defendant is liable for the damages, legal fees, expenses and costs in all cases because:

A. The allegations of the complaints set forth in paragraph 6 above made claims that were potentially within the policy coverage and the Defendant refused to provide a defense; and

B. The acts involved in this case were actually covered under the policies of insurance.

13. The Plaintiffs had policies through the Defendant under policy number 24-10-6799-0 Homeowners Policy and 24-CV–9405-2 (Personal Liability Umbrella Policy).

14. Over the terms of the policy, the Plaintiffs regularly paid all premiums and the

Defendant accepted such premiums and continued to maintain coverage.

15. Plaintiffs asserted claims for coverage for all three lawsuits.

16. Plaintiffs performed all obligations required under the insurance policies.

17. Defendant wrongfully denied payment of policy benefits, except did provide 30 days of defense in :

B. Automotive Finance Corporation v. Billie Anne Mitchell, et. al United States District Court; Southern District of Indiana, Case No. 07-CV-00055.

18. Defendant, State Farm Fire and Casualty Company breached its contractual obligation by wrongfully denying benefits and should pay to Plaintiffs the coverage benefits on all three claims and the damages and legal fees expended and damages incurred by the Plaintiffs to defend and pay the claims and will continue to pay in the future.

19. Defendant, State Farm Fire and Casualty Company acted in bad faith in their dealings with the Plaintiffs in that:

A. The Defendant did not have an arguable basis for the denial of the claims;

B. The Defendant acted with malice, gross negligence or reckless disregard for the rights of the insured.

C. The Defendant used its financial straits as settlement leverage; and/or

D. The Defendant failed to complete an adequate investigation of the claims;

20. Defendant, State Farm Fire and Casualty Company was negligent in their handling of the claims of the lawsuits as set forth above in paragraph 6 of this complaint.

21. Defendant, State Farm Fire and Casualty Company breached their duty of good faith and fair dealing with the Plaintiffs.

22. Plaintiffs have been damaged as a result of the actions of the Defendants as set forth

above and have had to expend in excess of $60,000.00 for damages, expenses, attorney fees and other costs.

23. Plaintiffs have suffered economic loss, actual damages, lost interest, mental anguish and other compensatory damages as a result of the Defendant's acts as stated above both in contract and tort.

24. Plaintiffs claim compensatory damages.

25. Plaintiffs further claim Veasley damages and other punitive damages as a result of the actions as set forth above and which will be proved in a court before a jury.

## PRAYER

Wherefore, premises considered, Plaintiffs that this court will enter a judgement:

(A) that the policies as set forth above were and are in full force and effect;

(B) that Defendant has wrongfully denied paying for a defense and coverage benefits to the Plaintiffs;

( C ) that Defendant is required to pay full defense and benefits under the policy for the defense and damages set forth above;

(D) that Defendant should be required to pay the Plaintiffs' attorney fees, for bringing this action;

(E) that Defendant should be required to pay other compensatory damages;

(F) that Defendant should be required to pay Veasley damages and other punitive damages to the Plaintiffs; and for such other and further relief as the Court shall deem proper.

_/s/ Roger Mitchell_
Roger Mitchell, Plaintiff

_/s/ Billie Ann Mitchell_
Billie Ann Mitchell, Plaintiff

_/s/ Tim R. Wadsworth_
Tim R. Wadsworth (MS Bar # 6854)
Attorney for Plaintiffs
55051 Highway 17
Post Office Box 987
Sulligent, Alabama 35586
(205)698-9118
(205)698-7456 Fax
wadsworth@centurytel.net

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY
ON ALL ISSUES OF SUBJECT LITIGATION**

_/s/ Tim R. Wadsworth_
Tim R. Wadsworth
Attorney for Plaintiffs

STATE OF ALABAMA

COUNTY OF LAMAR

Personally appeared before me the undersigned authority in and for the State and County,

aforesaid, Roger Mitchell and Billie Ann Mitchell, who after being duly sworn stated that the

foregoing Complaint and the allegations of the foregoing Complaint are true and correct as

therein stated and that those items stated on information and belief they believe to be true.

_/s/ Roger Mitchell_
Roger Mitchell

_/s/ Billie Ann Mitchell_
Billie Ann Mitchell

SWORN TO AND SUBSCRIBED, before me this the _18_ day of December, 2009.

_/s/ Notary_
Notary Public
My Commission Expires_8-3-10_

FILED
JUDY K. BUTLER

MAR 25 2010

CIRCUIT CLERK
BY_____